UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:_____

_____ x
NICOLE F. DAVIDSON fka NICOLE F.      :
ABAYA,                                :
                                      :
            Plaintiff,                :
                                      :
    vs.                               :
                                      :
GC SERVICES LIMITED PARTNERSHIP,      :
                                      :
            Defendant.                :
_____ x

**PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *et seq.***

1. This is a lawsuit brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant transacts business in this State and this District.

**PARTIES**

4. Plaintiff Nicole F. Davidson fka Nicole F. Abaya ("Plaintiff") is a natural person who at all relevant times resided in the State of Florida, County of Broward.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

1

6. Defendant GC Services Limited Partnership ("Defendant" or the "Company") is a limited partnership with principal offices situated at 6330 Gulfton, Houston, Texas 77081. Defendant may be served through its registered agent CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

7. Defendant is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, by another.

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is natural person obligated, or allegedly obligated, to pay a debt owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes.

12. Plaintiff's alleged obligation is a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

13. On or about March 8, 2012, Defendant initiated, or caused to be initiated, a telephone call to Plaintiff's telephone line, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, and left the following message:

2

> This message is for Nicole Abaya. Ms. Abaya, this is Mr. Hall calling from GC Services. You need to return my call. My number is 1-855-877-7995. It is important. Please return my call.

14.     In its voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector calling in an attempt to collect a debt.

15.     On or about March 17, 2012, Defendant initiated, or caused to be initiated, a telephone call to Plaintiff's telephone line, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, and left the following message:

> This message is for Nicole Abaya. Please return the call to Mr. Hall. It is important that I do speak with you. My number is 1-855-877-7995. It is important. Please return my call.

16.     In its voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector calling in an attempt to collect a debt.

17.     In its voicemail message, Defendant failed to disclose to Plaintiff its true corporate or business name.

18.     On or about March 28, 2012, Defendant initiated, or caused to be initiated, a telephone call to Plaintiff's telephone line, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, and left the following message:

> This is Louis Trinidad. This message is for Nicole Abaya. Return my call at 855-877-7995. Call is important.

19.     In its voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector calling in an attempt to collect a debt.

20.     In its voicemail message, Defendant failed to disclose to Plaintiff its true corporate or business name.

21. On March 30, 2012, Plaintiff's counsel sent Defendant correspondence informing Defendant of its wrongful conduct in violating the FDCPA. Defendant never responded to the March 30, 2012 correspondence.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692d(6)

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 21.

23. 15 U.S.C. §1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*   \*   \*

(6) except as provided in 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

24. In the above-described voicemail messages, the callers did not identify themselves as employees of a debt collection agency and did not inform Plaintiff that they were calling to collect a debt.

25. As such, Defendant failed to meaningfully disclose its identity when placing telephone calls to Plaintiff, in violation of 15 U.S.C. §1692d(6).

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e(11)

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 21.

27. 15 U.S.C. §1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

4

\* \* \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

28. In the above-described voicemail messages, Defendant failed to notify Plaintiff that the communication was from a debt collector calling in an attempt to collect a debt.

29. As such, Defendant violated 15 U.S.C. §1692e(11) by failing to disclose during communications with Plaintiff that the communications were from a debt collector.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Adjudging that Defendant violated 15 U.S.C. §1692d(6) and 15 U.S.C. §1692e(11);

(b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00;

(c) Awarding Plaintiff her reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k;

(d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(e) Awarding other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: April 25, 2012

Respectfully submitted,

/s/ Michael L. Greenwald

MICHAEL L. GREENWALD
Florida Bar No. 761761
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
mgreenwald@mgjdlaw.com
Counsel for Plaintiff